**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERNEST NATHANIEL THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3882** |
| **MARLIN GUSMAN, ET AL.** | **SECTION: "A"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Ernest Nathaniel Thomas, a state prisoner incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Marlin Gusman, "L.S.U. Public Hospital," the Orleans Parish Sheriff's Office, the "Medical System," and other unidentified defendants. In this lawsuit, plaintiff claims that, while he was incarcerated within the Orleans Parish Prison system in 2011, he was bitten on the eye by a spider and ultimately lost his eye as a result.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is ... malicious ...." 28 U.S.C. § 1915A(b)(1). Similarly, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law also provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is ... malicious ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

The instant lawsuit duplicates a prior lawsuit plaintiff filed in this Court: Ernest Nathaniel Thomas v. Marlin Gusman, Civ. Action No. 11-2797 "G"(2) (E.D. La.). In that lawsuit, plaintiff's claims were thoroughly reviewed and dismissed with prejudice by judgment entered on June 8, 2012. Because the instant lawsuit is duplicative, it should be dismissed as malicious.[1]

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as malicious.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

---

[1] The fact that plaintiff has added additional defendants in the instant lawsuit does not dictate a different result. A subsequent complaint is still considered malicious if plaintiff "repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants." Bailey, 846 F.2d at 1021.

New Orleans, Louisiana, this second day of June, 2016.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**